UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MICHAEL DICKERSON,

    Plaintiff,

v.

    Case No. 12-mc-51642

    HON. GEORGE CARAM STEEH

UNITED STATES OF AMERICA,

    Defendant.
_____/

ORDER DENYING PLAINTIFF'S MOTION FOR RETURN OF PROPERTY (Doc. 1)

Claimant Michael Dickerson challenges the nonjudicial forfeiture of $11,000, seized from a package intercepted as suspected drug proceeds, alleging that he received deficient notice of forfeiture proceedings and that the monies were not drug proceeds. The government opposes the motion to return seized assets on the grounds that notice met constitutional due process requirements, and his arguments as to the merits of the seizure are not cognizable. Because the government provided adequate notice, which is the only issue properly before the court, Dickerson's motion shall be denied.

FACTUAL BACKGROUND

In July 2008, Dickerson was charged with conspiracy to possess with the intent to distribute cocaine, heroin, and marijuana, in the United States District Court for the Northern District of Ohio. (Case No. 08-00304, Doc. 1). Dickerson was arrested on July 26, 2008 (Case No. 08-00304, Doc. 43), and was ordered detained on July 28, 2008. (Case No. 08-00304, Doc. 38). He pled guilty on June 11, 2009. (Case No. 08-

00304, Doc. 286).   On September 29, 2009, he was sentenced to 60 months in prison and was remanded to custody that same day.  (Case No. 08-004034, Doc. 321).

On January 8, 2008, the United States Postal Inspection Service (USPIS) intercepted a parcel from Dickerson believed to contain narcotics or narcotic proceeds based on certain characteristics including, among other things, a specially trained narcotics detecting canine alerting to the package.  (Doc. 5, Ex. A at ¶ 4(f)).  The package also raised suspicions because it was addressed to a fictitious person, a common ploy among drug dealers, and was addressed to an individual in Phoenix - a known source area for the distribution of narcotics.  (Doc. 5, Ex. A at ¶ 4(b)(c)(e)).  On January 9, 2008, pursuant to a federal search warrant, agents seized $11,000 in 15 money orders in Romulus, Michigan, from the subject package with a return address from "Mike Dickerson" at "1210 Navarre Avenue, Toledo, Ohio 43605-3026."  (Doc. 5, Ex. A at ¶ 5, 7).

The government moved to forfeit the money orders under 21 U.S.C. § 881.  The USPIS provided personal and public notice of its intention to administratively forfeit the money orders by first class mail, certified mail, and publication in the *Wall Street Journal*.  (Doc. 5, Ex. A at ¶ 7-8).  Specifically, the government sent notice of the forfeiture via four copies of a letter which it mailed on March 7, 2008, both first class mail and certified mail, to "Mike Dickerson" and, alternatively, "Michael J. Dickerson."  The letters were mailed to the return address labeled on the box in which the money orders were found.  (Doc. 5, A at ¶ 7, Ex. B).  All four letters were returned undeliverable.  The USPIS queried law enforcement database Accurint, formerly known as Autotrak, for Mike Dickerson's address on January 8, 2008, but was unable to locate

an address for him. (Doc. 5, Ex. A at ¶ 4(c)). The query indicated that Mike Dickerson was not currently associated with the Navarre address but an inquiry with the Post Office responsible for delivery to that zip code confirmed that Dickerson had received mail there in the past. (Doc. 5, Ex. A at ¶ 4(d)). Once the notice was returned undeliverable, Postal Service records did not disclose a forwarding address. (Doc. 5, Ex. A at ¶ 12). In addition, the USPIS published notice of the seizure in the *Wall Street Journal* for three consecutive weeks beginning on March 13, March 20, and March 27, 2008. (Doc. 5, Ex. A at ¶ 8). In accordance with federal forfeiture regulations, including 39 CFR §§ 233.7, 233.9, since no timely claims were filed for the seized property, the government declared the property forfeited to the United States Postal Service on September 30, 2011.

On March 14, 2012, Dickerson filed a prior motion for return of the property in the United States District Court for the Northern District of Ohio. In his reply brief in that district, he attached an affidavit stating that based upon his review of the government's response, he learned for the first time that the government had sought to serve him at the Navarre address, but that he was on vacation at the time. (Doc. 5, Ex. E at ¶ 4-5). Thus, it appears that Dickerson admitted that he sometimes received mail at the Navarre address. On June 5, 2012, Judge Carr in Ohio denied the motion without prejudice because the property was seized in Michigan and jurisdiction exists only in a district that may exercise in rem jurisdiction over the property in question in a civil forfeiture proceeding under 21 U.S.C. § 881.

On December 13, 2012, Michael Dickerson, acting pro se, filed a motion to return money and/or property which is now pending before this court. He asserts the money

-3-

orders were improperly seized because they were not derived from drug proceeds, and the government failed to give him notice of the forfeiture. He further claims that his motorcycle that was seized during his arrest was returned to him approximately 15 months after its seizure which he alleges supports his claim that the money orders also should be returned. The government responds that the USPIS did not arrest Dickerson and did not seize his motorcycle. (Doc. 5, Ex. A at ¶ 12). The only matter before the court is the seizure and administrative forfeiture of the subject parcel.

On March 13, 2013, this court entered an order requiring the government to file a response to plaintiff's motion to return money and/or property by March 27, 2013. A copy of that order was mailed to Dickerson at his last known address but was returned to the court as undeliverable with no forwarding address having been given. On March 27, 2013, the government filed its response stating that it provided personal and public notice of its intention to administratively forfeit the money orders and that plaintiff's argument that the forfeiture was illegal because it did not derive from drug proceeds is not cognizable under 18 U.S.C. § 983(e).

## ANALYSIS

Dickerson's claim that the government failed to provide adequate notice lacks merit. The government has established that the notice it provided comported with due process. Section 983 of Title 18, enacted as part of The Civil Asset Forfeiture Reform Act of 2000, (CAFRA), 18 U.S.C. § 981, et seq., governs "all civil forfeitures under federal law unless the particular forfeiture statute is specifically exempted in 18 U.S.C. § 983(i)(2)." United States v. One TRW, Model M14, 7.62 Caliber Rifle, 441 F.3d 416, 418 (6th Cir. 2006) (quotations omitted), rehearing en banc denied, (2006). Section

983(a) provides, in nonjudicial civil forfeiture proceedings, the government must provide notice to interested parties "as soon as practicable, and in no case more than 60 days after the date of the seizure."  18 U.S.C. § 983(a)(1)(A)(i).  Title 19 U.S.C. § 1607(a) provides "[w]ritten notice of seizure together with information on the applicable procedures shall be sent to each party who appears to have an interest in the seized article."  19 U.S.C. § 1607.

A forfeiture can be set aside only by bringing a motion under 18 U.S.C. § 983(e) which provides, in relevant part:

> **(e) Motion to set aside forfeiture.--**
>
> **(1)** Any person entitled to written notice in any nonjudicial civil forfeiture proceeding under a civil forfeiture statute who does not receive such notice may file a motion to set aside a declaration of forfeiture with respect to that person's interest in the property, which motion shall be granted if--
>
> **(A)** the Government knew, or reasonably should have known, of the moving party's interest and failed to take reasonable steps to provide such party with notice; and
>
> **(B)** the moving party did not know or have reason to know of the seizure within sufficient time to file a timely claim.

18 U.S.C. § 983(e)(1).  Under Section 983(e), a claimant must show that he did not have notice, and that claimant did not have knowledge of the seizure within sufficient time to file a timely claim.  CAFRA further provides that such a motion "shall be the exclusive remedy for seeking to set aside a declaration of forfeiture under a civil forfeiture statute."  18 U.S.C. § 983(e)(5).  Relief under CAFRA is available "only in instances where the injured party did not receive adequate notice to challenge the proceeding."  Mesa Valderrama v. United States, 417 F.3d 1189, 1196 (11th Cir. 2005).

The courts lack jurisdiction to consider the merits of the forfeiture determination, but may only consider the procedures involved. In re Seizure of $143,265.78 from Comerica Checking Account No. 1851349546 and $28,687.40 from Checking Account No. 1080022185, 616 F. Supp. 2d 699, 705 (E.D. Mich. 2009) (Lawson, J.), aff'd, No. 09-1893, 384 Fed. Appx. 471 (6th Cir. July 2, 2010). Therefore, the only issue properly before this court is whether there was adequate notice.

The government argues that it took reasonable steps to provide notice by searching law enforcement databases to locate Dickerson's known address, by sending first class and certified mail to the return address with his name listed on the intercepted package from which the 15 money orders were seized, and by publication. The Supreme Court established constitutional notice requirements in the seminal case, Mullane v. Central Hanover Bank & Trust Co., 339 U.S. 306, 314 (1950), wherein it held that "notice [must be] reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections." In Dusenbery v. United States, 534 U.S. 161, 168-69 (2002), a case arising in the Sixth Circuit, the Supreme Court found the government met constitutional due process requirements, where it sent notice of forfeiture proceedings involving drug proceeds to petitioner by certified mail to the correctional facility where he was housed, even though he never actually received the notice. The Court dismissed petitioner's argument that he did not receive "actual" notice, noting that "our cases have never required actual notice." Id. at 171. The Court explained that the "Due Process Clause does not require . . . heroic efforts by the Government; it requires only that the Government's effort be 'reasonably calculated' to apprise a party of the pendency of the

action." Id. at 170.

The Supreme Court fleshed out the contours of Dusenbery in its subsequent decision in Jones v. Flowers, 547 U.S. 220 (2006). In Flowers, the Court addressed the issue of whether the government satisfied the Due Process Clause when its notice of a tax sale was returned undelivered and the government took no further steps to notify the property owner of the tax sale. Id. at 225. In that case, the only notice the government provided to the property owner of a tax sale was one certified letter two years prior to the sale and another just weeks prior to it, both of which were returned unclaimed, and publication in a local newspaper. Id. at 223-25. The Court held that merely sending a certified letter, which is returned unclaimed, is insufficient to satisfy due process where additional reasonable efforts were available to the government and those efforts were likely to appraise the homeowner of the tax sale before he lost his house. Id. at 234. Specifically, the Court noted that the government could have sent the notice by regular mail so that no signature was required, and the property owner need not be home to receive his mail, and the government could have posted notice at the property. Id. The Court, however, rejected the property owner's argument that the government should have looked for him in the phone book and other government records such as income tax roll, stating that the government was not "required to go this far." Id. at 235-36. Under the Flowers holding, the government here has clearly met its burden. The government sent the notice both by certified and regular mail, searched a law enforcement database, and made inquiries to the Postal Service to discover his whereabouts. Moreover, the burden on the government in this case, which involves the

seizure of only $11,000 in money orders, should be a lesser burden than that owing in Flowers, which involved the irretrievable and permanent loss of plaintiff's home.

The Court of Appeals for the Sixth Circuit addressed the question of constitutional notice requirements in Karkoukli's Inc. v. Dohany, 409 F.3d 279 (6th Cir. 2005) where the owner of real property brought a 42 U.S.C. § 1983 suit against the county alleging lack of adequate notice in a tax foreclosure sale. In Dohany, the Sixth Circuit ruled that the county's actions in sending three mailings, posting notice on the property and publication, and attempting to locate his number by telephone directory and the internet satisfied due process even where plaintiff argued his address could have been located from township criminal records or the state's corporate entity website. 409 F.3d at 285. The Sixth Circuit noted that something more could always be done but the Constitution does not require "heroic efforts by the Government" but only requires that its "efforts be 'reasonably calculated' to apprise a party of the pendency of the action." Id. (quotations omitted). Similarly, in this case, the Postal Service has shown that it researched a law enforcement database, sent multiple mailings both regular and certified, and published notice. The USPIS, by affidavit of Gerald A. O'Farrell, Inspector in Charge of the Criminal Investigations Group of the USPIS, stated that once the notice was sent and returned, Postal Service records did not disclose a forwarding address. (Doc. 5, Ex. A at ¶ 12).

While there is a body of case law in civil forfeiture proceedings holding that "when initial personal notice letters are returned undelivered, the government must make reasonable additional efforts to provide personal notice," United States v. Ritchie, 342 F.3d 903, 911 (9th Cir. 2003) (collecting cases), each of those cases is easily

distinguishable here. In the cases cited in Ritchie, the claimant could show that simple additional efforts, with little to no additional burden on the government, would have revealed a valid address for the claimant. See Torres v. $26,256.80 United States Currency, 25 F.3d 1154, 1161 (2d Cir. 1994) (simple call to Bureau of Prisons would have identified claimant's address); Foehl v. United States, 238 F.3d 474, 479-80 (3d Cir. 2001) (simple call to DEA branch office would have revealed claimant's address); Armendariz-Mata v. DEA, 82 F.3d 679, 683 (5th Cir. 1996) (DEA knew of claimant's federal custody), cert. denied, 519 U.S. 937 (1996); Garcia v. Meza, 235 F.3d 287, 290-91 (7th Cir. 2000) (government involved in extensive litigation with parties); United States v. Rodgers, 108 F.3d 1247, 1251 (10th Cir. 1997) (DEA knew of third address of claimant); Small v. United States, 136 F.3d 1334, 1337-38 (D.C. Cir. 1998) (government knew claimant was in prison). Unlike the above cases, Dickerson has not shown that once the initial mailing came back undeliverable, certain circumstances existed which made it likely that the government could ascertain his address with little effort. Unlike three of the cases cited in Ritchie, Dickerson was not in federal custody at the time the USPIS sent notice of the forfeiture proceedings, and thus, the USPIS could not easily locate claimant by contacting the Bureau of Prisons. There is no evidence suggesting that the government could have secured a proper address for Dickerson in some other way; thus, allowing the government to provide actual notice.

Under the Supreme Court's holding in Mullane, the analysis as to whether notice was adequate is a fact specific inquiry, which requires this court to consider all of the circumstances of the case, to determine if the notice provided was reasonably calculated to apprise the claimant of the forfeiture proceeding. At the time the notices

were returned undeliverable, the USPIS had already conducted a search for claimant on a law enforcement data base, (Doc. 5, Ex. A at ¶ 4(c)), and Dickerson has not shown that additional searches would have uncovered his whereabouts. Given the circumstances presented here, where the government attempted notice by first class and certified mail, searched a law enforcement database to locate him, published notice, and searched Postal Service records to unearth his whereabouts, under the Supreme Court's holding in Dusenbery, Dickerson has failed to show any constitutional deficiency in the notice provided.

## CONCLUSION

For the reasons stated above, IT IS ORDERED that Dickerson's motion for return of money (Doc. 1) hereby is DENIED WITH PREJUDICE.

Dated: May 7, 2013

           s/George Caram Steeh
           GEORGE CARAM STEEH
           UNITED STATES DISTRICT JUDGE

---

CERTIFICATE OF SERVICE

Copies of this Order were served upon attorneys of record on May 7, 2013, by electronic and/or ordinary mail and also on Michael Dickerson, 2336 Elm Street, Toledo, OH 43608.

s/Barbara Radke
Deputy Clerk

---